Case 2:19-mj-05337-DUTY   Document 3   Filed 12/19/19   Page 1 of 15   Page ID #:109
Case 2:19-mj-05337-DUTY *SEALED*   Document 1-1 *SEALED*   Filed 12/13/19   Page 2 of 13
Page ID #:43

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 2:19-MJ-05337 | 12/16/2019, 6:05 AM | OCCUPANTS 1541 E WRIGHT CIRCLE #V 328 |

Inventory made in the presence of:
E. TOCA, POSTAL INSPECTOR

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

See attached inventory, on (1) page.

### Certification (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 12/18/2019

Executing officer's signature

DAGMAWI ABEBE, POSTAL INSPECTOR
Printed name and title

AUSA: Edward Han 213-894-8230

# THE UNITED STATES POSTAL INSPECTION SERVICE
## SEARCH WARRANT INVENTORY

Position/Box.: _____/_____

Subject Name: _____  Date: 12/16/19

Subject Address: 1541 E. Wright Circle N328, Anaheim, CA   Floor/Room No. _____

Inspector(s): _____  Case No. _____

Safe: _____  Cabinet: _____  Credenza: _____  Desk: _____  Drawer: _____

Shelf: _____  Table: _____  Wall: _____  Other: _____

| QUANTITY | DESCRIPTION OF ITEMS |
|---|---|
| A01615816 | White Google cell phone |
| A01615815 | Gold Apple iPhone |
| A01615819 | Samsung Galaxy S10 |
| A01615820 | Motorola cell phone |
| A01615821 | Pink iPhone |
| A01615817 | Black Apple iPad |
| A01615813 | Black Huawei cell phone |
| A01615818 | Black LG cell phone |
| A01615822 | Triton T3 scale |
| A01615823 | Black Apple iPhone |
| A01615814 | Microsoft Tablet |
| A01615825 | Samsung Tablet |
| A01516746 | Adventurer Pro Digital Scale |
| A01615824 | 1 Bag of Green Leafy Substance |
| A01516748 | $1000 MoneyGram Money Order |
| A01516747 | $803 U.S. Currency |

DISTRIBUTION OF COPIES: White-U.S. Magistrate (Return with Warrant)
Yellow-Inspector (Attach to PS Form 714)

Case 2:19-mj-05337-DUTY *SEALED* Document 3 Filed 12/19/19 Page 3 of 15 Page ID #:111
Case 2:19-mj-05337-DUTY *SEALED* Document 2 *SEALED* Filed 12/13/19 Page 1 of 13 Page ID #:55

AO 93 (Rev. 12/09) Search and Seizure Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>1541 E. Wright Circle, Unit N328,<br>Anaheim, CA 92806 | )<br>)<br>) Case No.    2:19-MJ-05337<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the    Central    District of    California
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before    14 days from the date of its issuance
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*    ☐ for _____ days *(not to exceed 30)*.
                                                                                 ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    12/13/2019    16:05 p.m.    _____
                                                                                                *Judge's signature*

City and state:    Los Angeles, California    Hon. Michael R. Wilner, U.S. Magistrate Judge
                                                                                                *Printed name and title*

AUSA: Edward Han 213-894-8230

Case 2:19-mj-05337-DUTY *SEALED* Document 2 *SEALED* Filed 12/13/19 Page 2 of 13
Case 2:19-mj-05337-DUTY Document 3 Filed 12/19/19 Page 4 of 15 Page ID #:112
Page ID #:56

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 2:19-MJ-05337 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: <br> [Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.] | | |

*Certification* (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

AUSA: Edward Han 213-894-8230

**ATTACHMENT A-2**

<u>PREMISES TO BE SEARCHED</u>

The premises located at 1541 E. Wright Circle, Unit N328, Anaheim, CA 92806 ("SUBJECT PREMISES #2"). SUBJECT PREMISES #2 is further described as an apartment on the third floor[7] of the Jefferson Platinum Triangle Apartments – North Building, which is located north of Wright Circle on the east side of Magnolia Park. The apartment building is brown, white and gray in color, and the unit itself is located on the third floor at the southwest corner of the apartment building. The door to the unit is green in color with the number "328" as depicted below: In addition to the residence at SUBJECT PREMISES #2, the search includes all storage units and vehicles parked in spaces assigned to SUBJECT PREMISES #2.



---

[7] The building has a total of four floors including a ground level and three additional floors on top. Unit N328 is on the floor marked "3."

ii

**ATTACHMENT B**

**I. ITEMS TO BE SEIZED**

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1), (distribution and possession with intent to distribute a controlled substance), 846 (conspiracy and attempt to distribute and possess with intent to distribute controlled substances), and 843(b) (unlawful use of a communication facility (including the mails) to facilitate the distribution of a controlled substance) (the "SUBJECT OFFENSES"), namely:

  a. Any controlled substances, controlled substance analogue, or listed chemical;

  b. Items and paraphernalia for the distributing, manufacturing, packaging, or weighing of controlled substances, including scales and other weighing devices, plastic baggies, heat-sealing devices, vacuum-sealing devices, balloons, packaging materials, containers, sodium sulfate, and wrapping material;

  c. Items used in the packaging of currency for consolidation and transportation, such as money-counting machines, money wrappers, carbon paper, rubber bands, duct tape or wrapping tape, plastic wrap or shrink wrap, and plastic sealing machines;

  d. United States currency over $1,000 or bearer instruments worth over $1,000 (including cashier's checks,

i

traveler's checks, certificates of deposit, stock certificates, and bonds) (including the first $1,000), and data, records, documents, or information (including electronic mail, messages over applications and social media, and photographs) pertaining to, obtaining, possessing, using, applications for, or transferring money over $1,000, such as bank account records, cryptocurrency records and accounts;

       e.  Documents and records reflecting the identity of, contact information for, communications with, or times, dates or locations of meetings with co-conspirators, sources of supply of controlled substances, or drug customers, including calendars, address books, telephone or other contact lists, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when drugs were bought, sold, or otherwise distributed, whether contained in hard copy correspondence, notes, emails, text messages, photographs, videos (including items stored on digital devices), or otherwise;

       f.  Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

       g.  Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written

communications sent to or received from any of the digital devices and which relate to the above-named violations;

      h.   Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the above-named violations;

      i.   Audio recordings, pictures, video recordings, or still captured images related to the purchase, sale, transportation, or distribution of drugs;

      j.   Contents of any calendar or date book;

      k.   Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations;

      l.   U.S. Mail, Express Mail, Priority Mail, United Parcel Service, Federal Express, or other private shipping service's delivery confirmation slips, labels, and associated boxes (to include any packages and envelopes delivered while the search is being conducted);

      m.   Any locked or unlocked containers, storage units, garages (either attached or detached), safes and safety deposit boxes inside the SUBJECT PREMISES;

      n.   Any materials, documents, or records that show the identity of the person(s) controlling, occupying, possessing, residing in, or owning the SUBJECT PREMISES,

including rental agreements, leases, rent receipts, deeds, escrow documents, utility bills, and other mailed envelopes reflecting the address and addressee; and

  o. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the SUBJECT OFFENSES, and forensic copies thereof.

  p. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

    i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

    ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    iii. evidence of the attachment of other devices;

    iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    v. evidence of the times the device was used;

iv

     vi. passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

     vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

     viii. records of or information about Internet Protocol addresses used by the device;

     ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

  2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

  3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output

devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

    4. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

        a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

        b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

            i. The search team may subject all of the data contained in each digital device capable of containing any of

the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

  c. If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

  d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

  e. If the search determines that a digital device does contain data falling within the list of items to be seized,

the government may make and retain copies of such data, and may access such data at any time.

   f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

   g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

   h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

 5. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

   a. Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

viii

Case 2:19-mj-05337-DUTY *SEALED* Document 3 Filed 12/19/19 Page 14 of 15 Page ID #:122
Case 2:19-mj-05337-DUTY *SEALED* Document 2 *SEALED* Filed 12/13/19 Page 12 of 13 Page ID #:66

      b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

      c. Any magnetic, electronic, or optical storage device capable of storing digital data;

      d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

      e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

      f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

      g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

    6. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

ix

7. During the execution of this search warrant, law enforcement is permitted to: (1) depress SHORTER's and CHELSEA's thumb and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of SHORTER's and CHELSEA's face with her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

8. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

x